UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| CALVIN F. TANNEHILL, | ) |
| Petitioner, | ) |
| v. | ) Case No.: 1:19-cv-0524-MHH-JHE |
| B. H. ROMERO, Warden, | ) |
| Respondent. | ) |

**MEMORANDUM OPINION**

Pursuant to 28 U.S.C. § 2241, petitioner Calvin F. Tannehill asks the Court to issue a writ of habeas corpus concerning his federal sentence. (Doc. 1). In his initial petition, Mr. Tannehill challenges his 2008 sentence under Count One for his violation of 18 U.S.C. § 922(g) because the district court enhanced his sentence pursuant to the Armed Career Criminal Act, 18 U.S.C. § 924(e). (Doc. 1). In a proposed amendment to his petition, relying on *Rehaif v. United States*, 139 S. Ct. 2191 (2019), Mr. Tannehill also challenges his conviction under 18 U.S.C. § 922(g). (Docs. 11, 13).

On November 8, 2019, the magistrate judge to whom this case was referred entered a report in which he recommended that the court dismiss Mr. Tannehill's §2241 petition because the court lacks jurisdiction over the petition. (Doc. 12). The magistrate judge also found that Mr. Tannehill's proposed amendment to his petition

was futile, so the magistrate judge denied Mr. Tannehill's motion to amend his petition. (Doc. 12, p. 6 n. 3). The magistrate judge advised Mr. Tannehill of his right to object to the report. (Doc. 12, p. 7). In response to the report, Mr. Tannehill re-filed his motion to amend his petition and asked the Court to address the merits of his motion. (Doc. 13; *see* Doc. 13, p. 13).

A district court "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party objects to a report and recommendation, the district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The Court reviews for plain error proposed factual findings to which no objection is made, and the Court reviews propositions of law *de novo*. *Garvey v. Vaughn*, 993 F.2d 776, 779 n.9 (11th Cir. 1993); *see also United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam), *cert. denied*, 464 U.S. 1050 (1984) ("The failure to object to the magistrate's findings of fact prohibits an attack on appeal of the factual findings adopted by the district court except on grounds of plain error or manifest injustice.") (internal citation omitted); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006).

Mr. Tannehill asserts that *Rehaif v. United States* constitutes an intervening change in the law that warrants relief from his conviction as a felon in possession of

2

a firearm in violation of 18 U.S.C. § 922(g). (Doc. 13, p. 1). In *Rehaif,* the United States Supreme Court held that, in prosecutions pursuant to 18 U.S.C. §§ 922(g) and 924(a)(2), "the Government must prove that a defendant knows of his status as a person barred from possessing a firearm." 139 S. Ct. 2191, 2195 (2019). The Eleventh Circuit Court of Appeals has held that *Rehaif* did not announce a new rule of law, and even if it did, the new rule should apply only prospectively to future cases. *In re Wright*, 942 F.3d 1063 (11th Cir. 2019). In *Wright*, the Court of Appeals stated:

> In *In re Palacios*, we determined that the Supreme Court's decision in *Rehaif v. United States*, ––– U.S. ––––, 139 S. Ct. 2191, 204 L.Ed.2d 594 (2019), did not announce a new rule of constitutional law but rather clarified the requirements for prosecuting an individual under 18 U.S.C. §§ 922(g) and 924(a)(2). 931 F.3d 1314, 1315 (11th Cir. 2019) (denying an application for leave to file a successive § 2255 motion that was premised on *Rehaif*). Further, we determined that, even if *Rehaif* had announced a new rule of constitutional law, the Supreme Court has not made that decision retroactive to cases on collateral review. *Id.*

942 F.3d at 1064-65.

Even if *Rehaif* could somehow apply to Mr. Tannehill's 2008 sentence, as the magistrate judge explained, Mr. Tannehill must raise his argument in a § 2255 motion, not in a § 2241 habeas petition because Mr. Tannehill challenges the fact of his conviction and sentence, and not the execution of the sentence. *McCarthan v. Director of Goodwill Industries-Suncoast Inc.*, 851 F.3d 1076, 1009 (11th Cir. 2017). Because § 2255 is not "inadequate or ineffective to test the legality of his

3

detention," 28 U.S.C. § 2255(e), this Court lacks jurisdiction to consider Mr. Tannehill's § 2241 petition. *See, e.g., Nipper v. Warden, FCC Coleman-Medium*, 688 Fed. Appx. 851, 852 (11th Cir. 2017) ("The savings clause does not apply to claims based on new rules of constitutional law–such claims must be brought in a second or successive § 2255 motion under § 2255(h)(2).") (citing *Williams v. Warden, Federal Bureau of Prisons*, 713 F.3d 1332, 1342-43 (11th Cir. 2013)).

Having reviewed and considered the materials in the court file, the Court adopts the magistrate judge's report and accepts his recommendation. Accordingly, the Court dismisses this § 2241 petition for writ of habeas corpus without prejudice.

A separate final order will be entered.

**DONE** this 6th day of January, 2020.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE